UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| JIMMY LYNN MCGLOTHIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-231-JMH |
| ) | |
| vs. ) | |
| ) | |
| STRAYER UNIVERSITY, ET AL., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

***** ***** *****

Plaintiff Jimmy Lynn McGlothin, a student enrolled at Strayer University's campus in Lexington, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 2] McGlothin asserts that the university and its staff have prohibited him from attending classes on the campus based on false allegations of harassment, which is a violation of the code of student conduct. Having reviewed McGlothin's Complaint,[1] the Court will dismiss it with prejudice because neither Strayer University, a private for-profit institution, nor its staff acted "under color of state law" as required to establish a violation of the civil rights laws.

---

[1] The Court must review a complaint filed by a plaintiff who is permitted to proceed without prepayment of the filing fee or who is a prisoner seeking relief against government entities or officials. 28 U.S.C. §§ 1915(e)(2), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, his complaint is held to a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). When reviewing the complaint, the Court assumes that the facts alleged are true, and draws all reasonable inferences in the plaintiff's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court must dismiss any claim which fails as a matter of law. 28 U.S.C. § 1915(e)(2).

The Complaint and the materials submitted with it indicate that in a letter dated June 12, 2009, Strayer University directed McGlothin not to return to its Lexington campus or the administrative offices due to his "continued threatening and inappropriate behaviors." McGlothin indicates that he is subject to Kentucky's Sex Offender Registration Act and that he has complied with all of its requirements. McGlothin asserts that by prohibiting him from coming to the campus, the university did not follow its own student conduct and disciplinary guidelines and violated his civil rights under the federal and state constitutions.

However, an indispensable requirement of a claim asserted under Section 1983 is that the person or entity whose conduct is complained of must have undertaken such action clothed with the authority of the state; that is, it must have acted "under color of state law." Purely private conduct, no matter how discriminatory or wrongful, is not actionable under the civil rights laws. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999).

Accordingly, the typical defendant in a civil rights action is a person employed directly by the state to carry out its functions and directives. A private actor may be named as a defendant in a civil rights action only if that person's actions are "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). This requirement is satisfied in three

situations. The first is where the person or private entity is performing a "public function," one traditionally performed exclusively by the state, such as holding elections or exercising eminent domain. *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978). The second, "state compulsion" circumstance is found where the state grants the private entity such coercive power that its actions must be deemed attributable to the state. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Third, where there is a closely "symbiotic relationship" between the state and the private entity, as where the state is intimately involved in the challenged private conduct, the acts of the private entity constitute "state action." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).

In this case, the Kentucky Secretary of State's online business database indicates that Strayer University is a private for-profit corporation organized under the laws of Maryland with its principal offices in Washington, D.C. and authorized to do business in Kentucky. Absent any indication that the university is publicly funded or that the state has any direct and substantial control over its operations, there is no basis to conclude that it or its employees act "under color of state law" as required to state a civil rights claim. *Gardiner v. Mercyhurst College*, 942 F.Supp. 1055, 1057-58 (W.D. Pa. 1996); *Robert S. v. Stetson School, Inc.*, 256 F.3d 159 (3d Cir. 2001); *Wolotsky v. Huhn*, 960 F.2d 1331,

3

1335 (6th Cir. 1992). McGlothin may have means to challenge the university's decision under its code of student conduct or under Kentucky statutes or regulations; the Court here merely determines that he has failed to state a viable claim for violation of his rights under the Federal Constitution. Because McGlothin has failed to state a claim under 42 U.S.C. § 1983, the Court must dismiss his Complaint with prejudice.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE.**

2. Plaintiff's Motion and Petition to File an Injunction Against these Respondents [R. 5] is **DENIED AS MOOT**.

This the 6th day of July, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge